IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| A&P ENTERPRISES, LLC, § | | |
| doing business as Hotboxxx § | | PLAINTIFF |
| § | | |
| v. § | | Civil Action No. 1:10cv473-LG-RHW |
| § | | |
| CITY OF GULFPORT § | | DEFENDANT |

## ORDER DISMISSING CASE FOR LACK OF STANDING

**BEFORE THE COURT** is the Motion for Summary Judgment [3] filed by the City of Gulfport. Upon reviewing the submissions of the parties and the applicable law, the Court finds that A&P Enterprises does not have standing to file this lawsuit, and thus, the lawsuit must be dismissed without prejudice for lack of jurisdiction. The Court further finds that the Motion for Summary Judgment is moot.

### FACTS

In 2009, A&P applied for a business privilege license with the City of Gulfport for the operation of a retail store. (Compl. at 1). The proposed store would offer adult-oriented videos, novelties, clothing, and other materials for sale. (*Id*.) A&P claims that the City of Gulfport "intentionally refused to process the Plaintiff's business license application in order to have the Plaintiff's application barred through subsequent ordinances regulating the operation of 'Adult Entertainment Businesses' that were enacted by the City during 2010." (*Id*. at 2). A&P alleges that the City has never approved or denied its application. (*Id*.) A&P sued the City in the Chancery Court of Harrison County, Mississippi, asserting that the City's intentional delay in processing the application while it worked to enact an ordinance restricting and regulating the operation of adult businesses violated A&P's constitutional rights. (*Id*. at 13-17). It also alleges

that the ordinance itself is unconstitutional, particularly to the extent that it groups purely-retail adult businesses with adult entertainment businesses. (*Id.* at 11). It seeks an injunction preventing the City from enforcing the ordinance, as well as a writ of mandamus ordering the City to process its application without consideration of the ordinance. (*Id.* at 12). It also seeks a declaratory judgment finding that the ordinance is unconstitutional. (*Id.*)

The City removed the case to this Court and filed a Motion for Summary Judgment in lieu of answering the Complaint. A&P then filed an amended complaint. Because the City's Motion alleges that A&P lacks standing to file this lawsuit, the Court has stricken the Amended Complaint, and it has not considered it while deciding the present Motion.

The City's Motion for Summary Judgment was improperly filed in lieu of an answer. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides that a defendant must serve an answer, while Rule 12(b) provides that the motions listed in that subsection of the rule should be filed before the answer is filed. There is no provision in the Federal Rules that permits a defendant to file a motion for summary judgment in lieu of an answer. Nevertheless, since the City has made a general appearance and has raised the jurisdictional issue of standing, the Court must address it at this time.

## DISCUSSION

The elements of standing are: (1) that the plaintiff has suffered an injury in fact; (2) that the alleged injury is fairly traceable to the defendant's allegedly unlawful conduct; and (3) that the injury is likely to be redressed by a favorable decision. *Ward v. Santa Fe Indep. Sch. Dist.*, 393 F.3d 599, 606 (5th Cir. 2004). "An injury in fact is an invasion of a legally protected interest which is 'actual or imminent, not conjectural or

hypothetical.'" *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

In the present case, the City argues that A&P lacks standing, because it did not submit a completed or proper privilege license application as required by Miss. Code Ann. § 27-17-453. The City claims that the application was not signed under oath, did not include information about the type of business seeking a license, and was not accompanied by payment of privilege tax. The City argues that the deficiencies in the application prevent A&P from demonstrating an injury in fact or any causal connection between the challenged conduct and the alleged injury.

A&P claims that the City refused to process the application by either approving or rejecting it, so that it could enact an ordinance that would restrict A&P's ability to form its business. The failure to process the application potentially constituted a denial of the right to due process. However, A&P's claim is speculative and hypothetical. It is undisputed that A&P has not submitted a valid application to the City. If the application had been processed by the City, the City would have been entitled to reject the application. A&P may have been able to submit a corrected application before the ordinance was enacted, but this is an entirely speculative assertion. Furthermore, any injury suffered by A&P cannot be fairly traced to the City's conduct, since A&P failed to submit a proper application. Finally, even if this Court were to require the City to process the application, the City would be entitled to deny the application, because it was not signed by the members of A&P. Therefore, any injury suffered by A&P would not be redressed by a favorable decision. As a result, A&P does not have standing to pursue this portion of its lawsuit.

A&P is also attempting to exercise a facial challenge of the ordinance. "To prove standing to raise a First Amendment facial challenge . . . a plaintiff must produce evidence of 'an intention to engage a course of conduct arguably affected with a constitutional interest, but proscribed by statute.'" *Barbour*, 529 F.3d at 545 (quoting *Speaks v. Kruse*, 445 F.3d 396, 399 (5th Cir. 2006)). The plaintiff "must demonstrate a 'serious [ ] interest' in acting contrary to a statute." *Barbour*, 529 F.3d at 545 n.8 (quoting *Int'l Soc'y for Krishna Consciousness v. Eaves*, 601 F.2d 809, 818 (5th Cir. 1979)). A&P has not indicated a serious interest in opening an adult-oriented retail business, because it has not filed a proper application seeking a business license. Therefore, the Court finds that A&P does not have standing to pursue a facial challenge of the ordinance. Thus, the Court lacks jurisdiction over this lawsuit. As a result, the Court will dismiss A&P's claims without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** for lack of standing.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Motion for Summary Judgment [3] filed by the City of Gulfport is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 26th day of January, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE